UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:11-CR-047 |
| | ) | |
| JOSHUA R. CONLEY-LOGAN | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's *pro se* motion for sentence reduction [doc. 476]. The defendant asks the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G." or "sentencing guidelines"). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

The United States has responded in opposition to the motion [doc. 491], arguing that the defendant is not eligible for Amendment 782 relief because his existing sentence is already lower than his amended guideline range. The United States is correct, and the defendant's motion must therefore be denied.

**I.  Background**

By judgment dated February 27, 2012, this court sentenced the defendant to terms of imprisonment of: 120 months to Count One (conspiracy to manufacture methamphetamine); 60 months as to Count Two (conspiracy to distribute and possess with the intent to distribute methamphetamine); and 60 months as to Count 22 (aiding and abetting in maintaining a place for the purpose of manufacturing, distributing, and using methamphetamine). The terms on Counts One and Two were ordered to be served consecutively, while the term on Count 22 was to be served concurrently, for a net sentence of 180 months.

The defendant's advisory guideline range was 235 to 293 months, based on a total offense level of 35 and a criminal history category of IV.  Prior to sentencing, the defendant moved for a downward departure pursuant to U.S.S.G. § 4A1.3(b) or, in the alternative, for a downward variance [doc. 364]. The court granted the motion and imposed a sentence 55 months below the bottom of the guideline range. According to the Bureau of Prisons, the defendant is presently scheduled for release on April 3, 2024.

**II.  Analysis**

District courts have discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , **if** such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2) (emphasis added).  In the present case, a sentence reduction under §

3582(c) would not be consistent with the Sentencing Commission's applicable policy statements.

Guideline 1B1.10 is a policy statement of the Sentencing Commission. It explains in relevant part that a court shall not reduce a defendant's term of imprisonment pursuant to § 3582(c) to a term that is less than the bottom of the amended guideline range. *See* U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A) (2014). The only exception to that policy statement is if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). The United States did not file a substantial assistance motion as to this defendant..

Applying Amendment 782, the defendant's new advisory guideline range is 188 to 235 months, based on a total offense level of 33 and a criminal history category of IV. Because the defendant's existing sentence of 180 months is below the bottom of that amended range, he is not entitled to Amendment 782 relief. *See* 18 U.S.C. § 3582(c)(2); U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A)-(B).

3

Case 2:11-cr-00047-RLJ   Document 505   Filed 10/29/15   Page 3 of 4   PageID #: 1721

### III. Conclusion

For the reasons stated herein, the defendant's motion for sentence reduction [doc. 476] is **DENIED**.

   **IT IS SO ORDERED.**

                 ENTER:

                 s/ Leon Jordan
                United States District Judge