UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:11-CR-00047-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA R. CONLEY-LOGAN, | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Joshua Conley-Logan has filed a "Motion to Correct Plain Error in Guideline Calculation" [Doc. 666]. He claims the Presentence Report utilized the wrong base offense level under the Drug Quantity table under U.S.S.G. § 2D1.1(c)(5) back in 2011 when the district court sentenced him. He claims the correct base offense level is 30 not 32 and requests a reduction in his sentence accordingly. He also requests the Court reduce his sentence or alternatively "grant [him] 12 months halfway house" [*Id.*, pg. 2]. The United States (the "Government") filed a response in opposition [Doc. 668].

**I.     BACKGROUND**

On September 1, 2011, Defendant pleaded guilty to Count One which charged him with a conspiracy to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); Count Two, conspiracy to distribute and possess with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B); and Count 22, aiding and abetting in maintaining a place for the purpose of manufacturing, distributing, and using methamphetamine, in violation of 21 U.S.C. § 856(a)(1)

and 18 U.S.C. § 2 [Doc. 174, pgs. 1–2; Doc. 184]. The Plea Agreement he entered, which was ultimately accepted by the district court, stipulated that he was responsible for manufacturing approximately 125.28 grams of methamphetamine [Doc. 174, pg. 5]. The PSR calculated his base offense level as 32 based on that quantity but also applied a six- level enhancement pursuant to U.S.S.G. § 2D1.1(b)(13)(D)(2011), because the offense not only involved the manufacture of methamphetamine but also "created a substantial risk of harm to the life of a minor…." U.S.S.G. § 2D1.1(b)(13)(D)(2011). With a three-level reduction for acceptance of responsibility, Defendant's offense total offense level was 35. With a criminal history category IV, his advisory guideline range was 235 to 292 months imprisonment (PSR ¶ 65).

On February 23, 2012, the district court sentenced Defendant to 120 months imprisonment on Count one, 60 months consecutive on Count two, and 60 months concurrent on Count 22 [Doc. 367; Doc. 370, pg. 2; Doc. 505, pg. 2]. That was a 55-month variance from the bottom of his advisory guideline range. Defendant appealed that sentence to the Sixth Circuit Court of Appeals. It dismissed Defendant's appeal based on his appeal waiver contained in his plea agreement[1] [Doc. 424, pg 2].

On April 20, 2015, Defendant filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) because his sentencing range had been "subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)…." [Doc. 476]. The Court denied Defendant's motion because "his existing sentence [was] already lower than his amended guideline range." [Doc. 505, pg. 1]. The district court noted that in applying Amendment 782, Defendant's new

---

[1] In dismissing his appeal, the Sixth Circuit noted that the district court had concluded that Defendant's criminal history was "slightly overstated and that the six-level enhancement increased his guidelines range too much when compared to its effect on the ranges of his codefendants with lesser criminal histories." [Doc. 424, pg. 2].

advisory guideline range was 188 to 235 months, based on a revised offense level of 33 and a criminal history category of IV. It noted that Defendant's 180-month sentence was even below the new advisory guideline range. Accordingly, it denied his motion.

## II. ANALYSIS

Now before the Court again is Defendant's motion to reduce his sentence. This motion is similar in many respects as his prior motion filed in April 2015. He contends this Court miscalculated his guideline range when it sentenced him back on February 23, 2012, [Doc. 367], and should now correct that "plain error" in the calculation of his guideline range [Doc. 666, pg. 1]. First, the district court does not have "inherent authority … to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Second, unless that authority is expressly granted by a statute, the Court lacks the authority to change or modify a defendant's sentence. *See United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). Third, Defendant has not identified any statutory authority that would authorize the Court to make such a modification of his sentence. Accordingly, on that basis alone, he is not entitled to the relief he has requested.

In any event, Defendant's present motion simply repackages arguments he made in his prior April 2015 motion. This Court previously denied Defendant's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) because, although the guideline amendments apply retroactively, Defendant was ineligible for relief [Doc. 505]. He remains ineligible, and he has not presented any basis for the Court to revisit that issue.

Defendant further claims that if he were sentenced today, he would have six fewer criminal history points than he received at sentencing [Doc. 666, pg. 2]. Yet the guideline for calculating criminal history points has not changed since his sentencing. *Compare* U.S.S.G. § 4A1.1 (2023),

*with* U.S.S.G. § 4A1.1 (2012). Defendant argues that if he were sentenced today his prior convictions would be too old to count, but when calculating a defendant's criminal history points, the Guidelines require counting "[a]ny … prior sentence [of one year and one month or less] that was imposed within ten years of the defendant's commencement of the *instant offense*…." *Id.* (emphasis added). Defendant's instant offense commenced in January 2009 [Presentence Report (PSR), ¶ 36], and all prior convictions yielding criminal history points occurred within ten years of that date [*Id.*, ¶¶ 40 (2001, one point), 43 (2006, one point), 44 (2010, two points), 45 (2010, one point), 46 (2011, one point)]. Contrary to his argument, Defendant's criminal-history point total has not changed and he remains a category IV.

Defendant next asks for "immediate release" under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). He argues he is "one point high of being a low recidivism level" and that "laws have changed" since his sentencing [Doc. 666, pgs. 1–2]. But Defendant has not shown he is entitled to "immediate release" and has not alleged any basis to consider his motion as one requesting "compassionate release" under the First Step Act. Moreover, he has not identified any "extraordinary and compelling reasons [that would] warrant a [sentence] reduction…." 18 U.S.C. § 3582(c)(1)(A). And, in any event, as the Government notes, Defendant has failed to exhaust his administrative remedies as he did not allege he presented his claim for compassionate release to the Bureau of Prisons in the first instance. [Doc. 668, pg. 3]. Accordingly, he is not entitled to relief on this ground.

Lastly, Defendant seeks an order requiring the BOP to place him in a halfway house for the last twelve months of his sentence [Doc. 666, pg. 2]. Federal law, however, commits designation of the place of a prisoner's imprisonment to the BOP's sole discretion. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment ….").

"Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility [a halfway house] shall have no binding effect on the authority of the [BOP] …." *Id.* "Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." *Id.* The Court therefore cannot grant the relief Defendant seeks.

For these reasons, Defendant's motion [Doc. 666] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker<br>
United States District Judge