UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:11-CR-00047-DCLC-CRW |
| | ) | |
| v. | ) | |
| JOSHUA CONLEY-LOGAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Docs. 671, 672, 673, 675]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a supplement [Doc. 675]. The Government has responded in opposition [Doc. 677].

**I.   BACKGROUND**

Defendant pleaded guilty to Count One, charging him with conspiracy to manufacture 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846, 841(a)(1) and (b)(1)(A), the lesser included offense related to Count Two, a conspiracy to distribute and to possess with the intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. § 846, 841(a)(1) and (b)(1)(B), and Count 22, aiding and abetting in maintaining a place for the purpose of manufacturing, distributing and using methamphetamine in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2 [Doc. 174]. On February 23, 2012, the District Court sentenced Defendant to 120 months on Count One, 60 months on Count Two consecutive to Count One, and 60 months on Count 22, concurrent to all other time, for a total effective sentence of 180 months' imprisonment [Doc. 370, pg. 2]. This was a significant variance from his guideline range of 235-

1

293 months' imprisonment, based on offense level 35 and a criminal history category of IV. He now moves for a sentence reduction pursuant to Guideline Amendment 821 [Doc. 671]. Of note, since the filing of his motion, Defendant was released from BOP custody and began his term of supervised release on September 16, 2024 [Doc. 678, *Petition for Warrant for Offender under Supervision*]. He has since agreed that he violated the terms of his supervised release, that his supervision should be revoked and that he should be sentenced to six months imprisonment followed by four years of supervised release [Doc. 683].

**II.    ANALYSIS**

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

2

The Government acknowledges that were Defendant sentenced today his criminal history category would be III and not IV, but notes that it does not matter because Defendant completed his custodial sentence in September, 2024, when he was released from BOP custody and began his term of supervised release. To be sure, "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced" under the policy statement in Section 1B1.10, and "[t]his section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." *Id*. at comment. (n.8(A)). Because Defendant has completed his sentence originally imposed, Section 3582(c)(2) does not authorize the Court to modify his sentence. And the Court is further not authorized to modify a defendant's criminal history score when doing so would not reduce the term of imprisonment. Even though Defendant is presently in BOP custody, he is serving a term of imprisonment for revocation of his supervised release, to which the statute does not apply.

### III. CONCLUSION

For the reasons stated herein, Defendant's motion and supplements [Docs. 671, 672, 673, 675] are **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge